IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN GRAY, | ) | |
| | ) | Case No. 21-cv-6372 |
| Plaintiff, | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| VILLAGE OF HAZEL CREST, | ) | |
| | ) | |
| Defendant. | ) | |

## Memorandum Opinion and Order

Plaintiff Gwendolyn Gray filed this case alleging that Defendant Village of Hazel Crest (the "Village") unlawfully retaliated against her when it terminated her employment for making sexual harassment complaints and complaining that Defendant was not in compliance with specific a state law. Defendant filed a motion to dismiss counts II-IV of Gray's complaint. For the reasons below, the Court grants in part and denies in part the Village's motion.

### I. Background

The Court takes the following facts from Gray's complaint. Gray alleges that from April 2018 to October 2018, her supervisor, the Village Manager, repeatedly sexually harassed her. She alleges that she reported him to the Village President, but no one did anything. Instead, Gray alleges, after the Village replaced the Village Manager in October 2018, the successor told Gray that he was going to push her out because she got his best friend fired.

Gray further alleges that she raised an issue with the Village regarding compliance with a state law that was repeatedly ignored. From December 2017 to early 2019, Gray managed all Illinois Municipal Retirement Fund ("IMRF") document processing and signed all documentation on behalf of the Village. She was not, however, appointed as the Village's authorized agent per 40 ILCS 5/7-135. In early 2019, the IMRF instructed Gray to petition the

Village Board to appoint her as its authorized agent. Gray believed that if she were not appointed as the Village's authorized agent, the retirement documents she had previously signed could be voided.

Gray voiced her concern about being appointed as the authorized agent to the Village Manager, who agreed at first to petition the Village Board to appoint her. As time went on though, the Village Manager repeatedly removed the matter from the Board's agenda. Gray continued to voice her concern and, in April 2019, complained to the Village President about the situation. On April 5, 2019, Gray was issued a disciplinary warning for complaining to the president.

On August 21, 2019, the Village terminated Gray's employment. Gray alleges that the reasons cited for her termination were pretextual and that the Village fired her for making sexual harassment complaints and raising the authorized-agent issue. Gray also alleges that the Village has a severance policy, and that the Village denied her severance in retaliation for her complaints.

Gray filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR") on October 11, 2019. She received a Notice of Right to Sue from the EEOC on August 31, 2021. She requested that the IDHR adopt the EEOC's findings on November 24, 2021. On December 20, 2021, the IDHR issued a notice of dismissal to Gray stating that it lacked authority over her claim because she failed to file a timely copy of the EEOC's notice with the IDHR as required by the Illinois Human Rights Act.[1]

---

[1] This is the only fact not taken from Gray's complaint. Rather, the Court takes this fact from the IDHR dismissal order attached to the Village's motion to dismiss. When presented with a motion to dismiss, the Court may "take judicial notice of matters of public record." *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The Court may also consider documents attached to a motion to dismiss "if they are

Gray filed this case on November 29, 2021. Her complaint alleges violations of Title VII of the Civil Rights Act of 1964, the Illinois Human Rights Act, and the Illinois Whistleblower Act, as well as one count for common law retaliatory discharge under Illinois law.

## II. Legal Standard

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *Boucher v. Finance Syst. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

---

referred to in the plaintiff's complaint and are central to h[er] claim." *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); *see also 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). Considering such materials does not convert a motion to dismiss into a motion for summary judgment. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Accordingly, the Court finds it appropriate to consider the IDHR dismissal order (the only document attached to the Village's motion not already attached to Gray's complaint) because the IDHR investigation is explicitly referenced in Gray's complaint and central to her claims' scope.

### III. Discussion

The Village moves to dismiss Gray's complaint in part. It argues that: (1) Gray failed to exhaust her administrative remedies and therefore cannot proceed on her Illinois Human Rights Act claim; (2) the statute of limitations bars Gray's Illinois Whistleblower Act and common law retaliatory discharge claims; and (3) the Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") bars Gray's request for punitive damages. The Court addresses each argument in turn.

#### A. Exhaustion

The Illinois Human Rights Act requires a complainant to exhaust administrative remedies prior to filing a civil lawsuit. *Hankins v. Best Buy Co.*, Case No. 10-cv-4508, 2011 WL 6016233, at *5 (N.D. Ill. Dec. 2, 2011). As the Illinois Supreme Court has stated, "[t]he purpose of the exhaustion doctrine is to allow administrative bodies to develop a factual record and to permit them to apply the special expertise they possess." *Poindexter v. State, ex rel. Dept. of Human Services*, 229 Ill.2d 194, 207, 890 N.E.2d 410, 419 (Ill. 2008). It allows for the possibility of the aggrieved party to succeed before the administrative body, "obviating the need for judicial involvement, thereby conserving judicial resources." *Id.*

A complainant may file a civil suit after: (1) she receives a final report from the IDHR, or (2) the IDHR fails to issue a report within a year after the charge is filed. 775 ILCS 5/7A-102(D), (G). In cases where a complainant files charges concurrently with the EEOC and IDHR, and the EEOC is the governmental agency designated to investigate the charge first, the Illinois Human Rights Act requires the complainant to submit a copy of the EEOC's determination to the IDHR within 30 days after the complainant receives the EEOC's determination. 775 ILSC 5/7-102(A-

4

1)(1).

Here, the Village argues that the Court should dismiss Gray's Illinois Human Rights Act claim because she failed to forward the EEOC's determination to the IDHR within 30 days after she received it, thereby divesting the IDHR of jurisdiction to consider her claim. Gray alleges that she received the EEOC's dismissal on August 31, 2021, but that she did not forward that dismissal to the IDHR until November 24, 2021—well outside the 30-day window.[2]

Although the parties do not dispute that Gray failed to comply with this requirement, they disagree whether this defect is fatal to her claim. Gray relies on *Laurie v. BeDell*, Case No. 16-cv-759, 2017 WL 1076940 (S.D. Ill. March 22, 2017) and *Goldberg v. Chi. Sch. for Piano Tech., NFP*, Case No. 14-cv-1440, 2015 WL 468792 (N.D. Ill. Feb. 3, 2015) to argue that her receipt of a notice of dismissal from the IDHR satisfied the exhaustion requirement. Conversely, the Village relies on *Jafri v. Signal Funding, LLC*, Case No. 19-cv-645, 2019 WL 4824883 (N.D. Ill. Oct. 1, 2019) and *Donald v. City of Chicago*, 539 F. Supp. 3d 912 (N.D. Ill. 2021) to argue that Gray failed to exhaust her administrative remedies by not filing the EEOC determination with the IDHR within 30 days.

The Court finds the cases cited by the Village to be more persuasive. *Jafri* and *Donald* specifically addressed the 30-day submission requirement, and both cases found that the failure to do so equated to a failure to exhaust administrative remedies. *Jafri*, 2019 WL 4824883, at *2; *Donald*, 539 F.Supp.3d at 920-21. What's more, *Jafri* raised the salient point that there is no good reason to treat the 30-day deadline differently from the other deadlines, such as the 300-day filing deadline and 90-day deadline to file a civil action after an administrative decision, imposed

---

[2] The Court may not dismiss a claim based on an affirmative defense unless the plaintiff alleges, and thus admits, the elements of the affirmative defense. *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Here, Gray alleges the relevant dates in her complaint.

by the Illinois Human Rights Act. Failure to comply with these deadlines will result in dismissal of an Illinois Human Rights Act claim. *See* 775 ILCS 5/7A-102(A)-(A-1); *Bagwe v. Sedgwick Claims Management Services, Inc.*, 811 F.3d 866, 887 n.58 (7th Cir. 2016). *Jafri* saw no reason to treat the interim 30-day deadline differently, and the Court agrees. *Id.*; *see also Ball v. Roeslein & Assoc., Inc.*, Case No. 20-cv-045, 2020 WL 4673136, at *6-7 (S.D. Ill. Aug. 12, 2020) (holding that failure to submit EEOC determination within 30 days to IDHR resulted in failure to exhaust administrative remedies); *Prusaczyk v. Hamilton County Coal, LLC*, Case No. 20-cv-73, 2020 WL 5981377, at *2-4 (S.D. Ill. Oct. 8, 2020) (holding that failure to submit EEOC determination at any time to IDHR resulted in failure to exhaust administrative remedies).

In addition, the Court agrees with the Village and *Donald* that even though the IDHR issued a notice of dismissal informing the complainant of their right to bring an action in the circuit court, that notice was without legal effect. *Donald*, 539 F.Supp.3d at 921. *Donald* points out that "[a]n administrative agency…can only act pursuant to the authority conferred on it by statute." *Id.* (internal citations omitted). Thus, "[b]ecause the 30-day statutory time limit is a condition precedent to…the acquisition of subject matter jurisdiction…, the [IDHR] lacked jurisdiction to review the charge when it received it [late]." *Id.* (internal citations omitted). As a result, the notice of dismissal issued by the IDHR, both here and in *Donald*, lacked legal effect even though it said that the complainant could commence a civil action in the appropriate state circuit court within 90 days.

The cases Gray cites are distinguishable. In *Laurie*, the plaintiff sued her former employer for discrimination and unlawful termination. 2017 WL 1076940, at *1. The court considered if the plaintiff exhausted her administrative remedies when she filed her lawsuit before receiving a notice of dismissal from the IDHR. *Id.* at *3. Although *Laurie* points out that

6

the plaintiff filed complaints with both the EEOC and IDHR, and that she submitted the EEOC decision to the IDHR 21 days late, it did not consider the timing problem at issue in this case. *Id.* at *4. Rather, *Laurie* focused on whether the plaintiff's decision to file a federal action before receiving a right to sue letter from the IDHR satisfied the exhaustion requirement. *Id.*

Likewise, *Goldberg* did not address the timeliness issue. In that case, the plaintiff brought a lawsuit for discrimination under, among other statutes, the Illinois Human Rights Act. *Goldberg*, 2015 WL 468792, at *1. The court held that the IDHR's determination that it lacked jurisdiction did not prevent review of that decision in federal court. *Id.* at *4. It did not discuss, however, the 30-day filing requirement. *Id.* at *3-4. For these reasons, the Court grants the Village's motion to dismiss as to Gray's Illinois Human Rights Act claim.

### B. Statute of Limitations

Next, the Village argues that the Court should dismiss Gray's Illinois Whistleblower Act and state-law retaliatory discharge claims based on the Tort Immunity Act's statute of limitations. The Tort Immunity Act states that no civil action "may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a). It is well settled that retaliatory discharge is considered a tort, and therefore the one-year statute of limitations under the Tort Immunity Act applies. *Halleck v. County of Cook*, 264 Ill. App. 3d 887, 890-92 (1st Dist. 1994).

Retaliation in the whistleblower context, as in this case, is treated as analogous to retaliatory discharge. *Elue v. City of Chicago*, Case No. 16-cv-9564, 2017 WL 2653082, at *8 (N.D. Ill. June 20, 2017) (citing *Fragassi v. Neiburger*, 269 Ill. App. 3d 633, 637 (2d Dist.

7

1995)). Indeed, most courts apply the Tort Immunity Act's one-year statute of limitations to claims under the Illinois Whistleblower Act. *Id.* (collecting cases).

The Court finds that a one-year statute of limitations applies to Gray's Illinois Whistleblower Act and retaliatory discharge claims. The parties do not dispute that the Village is a local governmental entity as defined under section 1-206 of the Tort Immunity Act. It is also undisputed that Gray's claims accrued on August 21, 2019, when, she alleges, the Village terminated her. But Gray filed her complaint on November 29, 2021. Her claim for damages, therefore, are untimely under the statute.

In response, Gray argues that dismissal is inappropriate because governmental entities are not immune from liability for Illinois Whistleblower Act or retaliatory discharge claims, and that even if the Court finds that the statute applies, it does not affect her requests for equitable relief. The first part of this argument misses the point. Although a local governmental entity may not be immune to suit from claims like Gray's, that does not mean that the Tort Immunity Act's statute of limitations provision does not apply to her claims. *See Vasquez v. Board of Ed. for School Dist. U-46*, Case No. 16-cv-7022, 2017 WL 1250839, at *4 (N.D. Ill. April 5, 2017) ("But the fact that one section of the Tort Immunity Act does not apply to retaliatory discharge claims does not foreclose the applicability of other sections, such as the statute of limitations") (collecting cases). The statute defines the term "civil action" to include any action, whether based upon the common law, statute, or the Illinois Constitution. 745 ILCS 10/8-101(c). Under this definition, the Tort Immunity Act's statute of limitations clearly applies to the claims here.

Gray is correct, however, that the Tort Immunity Act does not affect her requests for equitable relief. The statute says that "[n]othing in [the][] Act affects the right to obtain relief other than damages against a local public entity or public employee." 745 ILCS 10/2-101. And

8

here, Gray seeks reinstatement to her prior position with the same seniority status. Reinstatement is a form of equitable relief. *See Stringer v. City of Lake Forest*, Case No. 16-cv-8991, 2017 WL 75741, at *1 (N.D. Ill. Jan. 7, 2017). Accordingly, the Court dismisses from count III Gray's demand for monetary damages. Count III survives as to Gray's prayer for reinstatement. Because count IV contains no request for equitable relief, it is dismissed in its entirety.

### C. Punitive Damages

Lastly, the Village argues that the Court should dismiss Gray's request for punitive damages. It points out that municipalities and local government entities are immune from punitive damages. *See Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981); *Stevens v. Shelton*, Case No. 17-cv-8710, 2019 WL 1239784, at *11 (N.D. Ill. March 18, 2019); 745 ILCS 10/2-102. Rather than respond to the Village's argument, Gray agrees to strike the punitive damages requests from her counts. The Court agrees with the Village and dismisses Gray's requests for punitive damages.

## IV. Conclusion

The motion to dismiss [9] is granted in part and denied in part. The Court dismisses Count II with prejudice. Gray's prayer for damages is dismissed with prejudice from Count III. Count IV is dismissed in its entirety. Gray's demand for punitive damages is dismissed with prejudice from counts I and II. The Village's amended answer is due by June 24, 2022.

**SO ORDERED.**                                        ENTERED: June 16, 2022

_____
**HON. JORGE ALONSO**
**United States District Judge**